*960 OPINION.
Leech:
The petitioner seeks to deduct $28,100.66, the amount of the operating deficit of Stages for the year 1936, as shown on the respective books of petitioner and that company, as an ordinary and necessary expense in carrying on its business during that year. Sec. 23 (a), Revenue Acts of 1934 and 1936.
Respondent, by his contested determination, denies not only the right of the petitioner to deduct the item as an ordinary and necessary business expense, but apparently says also that the mechanics used do not constitute an accrual in fact of these items, since no cash settlement of the accounts between petitioner and Stages was made until the dissolution of the latter in a year subsequent to 1936. We decide the issue on the first ground and pass the second.
Deductions are permissible, of course, only by legislative grace and, to avail itself of their benefit, the taxpayer must conform squarely with the legislation authorizing them. New Colonial Ice Co. v. Helvering, 292 U. S. 435. It is not necessary that either respondent or we characterize this accrual from an accounting standpoint. Connally Realty Co., 31 B. T. A. 349; affd., 81 Fed. (2d) 221; Baltimore & Ohio Railroad, Co., 29 B. T. A. 368. Thus, to succeed here, petitioner has the burden of establishing that the contraverted accrual was an ordinary and necessary expense of its business.
Stages was a separate, juristic taxable entity. Higgins v. Smith, 308 U. S. 473; Burnet v. Commonwealth Improvement Co., 287 U. S. 415. Its business was that of furnishing intrastate transportation within California. That was not and could not have been the business of petitioner, which, so far as California was concerned, was restricted to interstate business. The bus business of Stages, limited as it was to the State of California, did not become that of petitioner by virtue of petitioner’s sole ownership of the stock of Stages. All Russian Textile Syndicate, Inc. v. Commissioner, 62 Fed. (2d) 614; certiorari denied, 289 U. S. 752; Alexander M. Bing, 30 B. T. A. 429; Mary E. Cappon, 28 B. T. A. 357. Stages was not organized, its stock was not acquired, and the contested accrual thereunder was not made by petitioner to increase the profits of the business of petitioner. Those facts were deliberately brought about by petitioner *961 to augment its income by increasing the income of Stages, its wholly owned subsidiary, from the intra-California business of the latter company in which petitioner could not engage. The accrual in controversy thus may well have been in the nature of a capital expenditure and not an expense at all. Cf. Welch v. Helvering, 290 U. S. 111.
Moreover, whether any or all of the operating deficit of Stages for the taxable year was attributable to the intra-California business of that company is not disclosed. Whether that business was neo essary to profitable operation of petitioner’s interstate business in California does not even appear. In fact the opposite conclusion is at least inferable. Profit to its subsidiary in the California intrastate business was the motive which moved petitioner. The contested accrual was made pursuant to the contract of February 7, 1932. All the capital stock of Stages, one party to that contract, was owned by petitioner at the time of the acquisition of that contract and throughout the life of the former company. Stages was therefore always entirely under the control of petitioner. Assuming therefore that the item in question was an expense of petitioner’s business, on this' record, including the absence of evidence as to the ordinary and necessary expense of furnishing interstate transportation to and from within California, we do not think the petitioner has sustained its burden of establishing that any part of the operating deficit of Stages for the taxable year was an ordinary and necessary expense of the petitioner in the operation of its interstate business. Maine Central Transportation Co., 42 B. T. A. 350. Cf. Welch v. Helvering, supra.
Respondent is sustained.

Decision will he entered for the respondent.